UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.  10-305 (RHK/JJK)

United States of America,

                      Plaintiff,

v.                                       **ORDER**

Lawrence Coleman,

                      Defendant.

---

Lola Velazquez-Aguilu, Assistant United States Attorney, 300 South Fourth Street, Room 600, Minneapolis, MN 55415, counsel for Plaintiff.

Lyonel Norris, Assistant Federal Defender, 300 South Fourth Street, Room 107, Minneapolis, MN 55415, counsel for Defendant.

---

By order of this Court dated December 28, 2010, Lawrence Coleman was referred to the Bureau of Prisons for a forensic evaluation.  Among other things, the Court requested that Mr. Coleman be evaluated for competency to proceed.  Lawrence Coleman appeared before this Court on April 11, 2011, preparatory to change his plea.  Prior to that proceeding commencing, defense counsel brought to the notice of the Court concerns and/or questions concerning Mr. Coleman's competency to proceed.  The Court was also made aware that Mr. Coleman continues to be provided the following psychiatric medications; benztropine, citalopram, and risperidone.  In a review of the forensic evaluation conducted by the Bureau of Prisons, the diagnoses presented were malingering polysubstance dependence in a controlled environment and anti-social personality

disorder. If these are indeed the appropriate and accurate diagnoses, the Court needs an explanation of why Mr. Coleman has been retained on psychiatric medications as it does not appear that the diagnoses presented warrant a continuation of the medication.

Secondly, as to the opinion regarding competency to proceed, the conclusion is "it is recommended that Mr. Coleman be found competent to stand trial."
Based on the foregoing,

**IT IS HEREBY ORDERED**:

1. The forensic evaluation dated April 7, 2001, and prepared by the Federal Bureau of Prisons Federal Detention Center at Miami be clarified regarding:

   a) The relationship between the diagnoses presented and the continuation of the medications being administered to Mr. Coleman; and,

   b) Whether Mr. Coleman is competent within a reasonable degree of medical certainty to proceed with this matter.

2. This clarification shall be prepared and forwarded to the undersigned no later than two weeks from the date of this Order.

Dated: June 13, 2011        s/Richard H. Kyle
                            RICHARD H. KYLE
                            United States District Judge